## Perkins v. Barlow-Moore Tobacco Company.

(Decided May 11, 1923.)

### Appeal from Barren Circuit Court.

1.  Master and Servant—Petition for Breach of Contract Employing Sales Agent Held Sufficient.—A petition alleging in the first count that plaintiff had been employed as defendant's sales agent, to be paid specified commission for selling defendant's tobacco, and that defendant had breached its agreement to furnish tobacco equal in quality and appearance to that of its competitors at the same price, whereby plaintiff was prevented from selling the quantity of tobacco he could have sold, and in the second paragraph alleged that defendant had failed to pay the commission on tobacco sold direct as it had agreed to do, held sufficient to state a cause of action as against general demurrer in both paragraphs.

2.  Pleading—Demurrer Admits Averment Sufficiently Pleaded.—A demurrer to the petition admits the truth of all averments sufficiently pleaded.

V. H. BAIRD and J. R. WHITE for appellant.

BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellant Perkins sued the appellee, Barlow-Moore Tobacco Company, to recover damages for breach of contract whereby he was engaged by appellee company as general sales agent for it to market its tobacco products throughout the United States. A general demurrer was sustained to the petition and to each paragraph thereof, with time to appellant Perkins to amend. Failing in this his cause was dismissed, and he appeals.

In the first paragraph of the petition it is averred that the Barlow-Moore Tobacco Company is a corporation, and that on the 31st of December, 1920, it entered into a written contract with appellant Perkins by which it was agreed that Perkins should have the exclusive right and power to sell its different lines of tobacco in the United States, and that Perkins was to have for his services a commission of ten per cent of the net amount of all invoices (with trade discount and jobbers' discount figured off), on all orders from retailers which were accepted by the jobbers (and with jobbers' discount figured off on jobbers' stock orders), on all orders from the factory going into the United States of America; further, it was agreed that Mr. Perkins was to have the same commission on all orders from the United States of America that were accepted by the defendant, whether he caused the same to be sold or not; that appellant company agreed to furnish goods which were of good quality and which had as good appearance on the market as any of the closest competitors of the defendant, and at prices which would compare with other concerns manufacturing first class goods. It is then averred that the appellee company breached its contract by failing to supply appellant Perkins with goods of the quality and general market appearance as those of its closest competitors, and failed and refused to furnish appellant manufactured tobacco according to the terms of the contract which terms are set forth in the pleading; that

appellee company's competitors in the tobacco business sold their goods of the same quality and similar tobaccos at lower prices, and offered better inducements to the purchasers and trade generally than appellee company gave appellant, and by reason of this appellant and his salesmen were unable to compete with other concerns selling like tobacco; that appellant employed several salesmen, sending them to different parts of the United States at his own expense to advertise and sell the said products of appellee company and worked dilligently and earnestly at his job of marketing the product of appellee company for four months from January 1, 1921, and that he was only able to sell through himself and his agents 14,000 pounds of tobacco, whereas he could and would have sold at least 30,000 pounds of tobacco in said four months had appellee company kept its contract and furnished him tobacco of the grade and quality and appearance it contracted to furnish him and at a price on a level with those of its competitors; but that it failed so to do and by reason of its failure in this respect his time was lost, which was of the value of $1,200.00; and he incurred expenses in paying salaries to salesmen and in otherwise trying to carry out his contract to the extent of $1,300.00, and prays judgment for $2,500.00 under this paragraph.

The second paragraph of the petition sets forth that under the said written contract the appellee company agreed to pay appellant ten per cent on all orders received at and shipped from the factory into any part of the United States, and on all orders accepted and shipped to persons in the United States whether appellant Perkins or his salesmen sold the order or not. He then alleges that the appellee company violated its contract by failing to pay him a commission of ten per cent, as per the contract, on 15,000 pounds of tobacco manufactured and sold by it to John D. Moore Tobacco Company, of Louisville, for the net sum of $12,000.00, which sale it is averred was made during the time he was acting as the manager of the sales department and actively engaged in trying to sell the products of the appellee company under the said contract. On this item he claims $1,200.00.

The demurrer admitted the truth of all averments sufficiently pleaded. The contract is made a part of the petition. Its terms support the averments of the peti-

tion. While the petition is not skillfully prepared, and especially not so with respect to the first paragraph thereof, we are persuaded that it stated a cause of action in favor of the plaintiff Perkins against the defendant, tobacco company, both in the first and in the second paragraph thereof. The court, therefore, erred in sustaining the general demurrer to the petition and to each paragraph thereof. For this reason the judgment is reversed for proceedings not inconsistent herewith.

Judgment reversed.